UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAMEKA BURNETTE,

Defendant.

No. 18-cr-282-ZMF

## REPORT AND RECOMMENDATION

On June 14, 2021, the Probation Office filed a petition requesting that Judge McFadden issue an arrest warrant based on defendant's violations of her supervised release conditions. The petition listed numerous violations including two positive tests for the use of illegal narcotics, failure to attend a substance abuse treatment program, receiving a traffic citation for driving a vehicle without vehicle tags, and generally failing to report to her probation officers. On June 16, 2021, Judge McFadden issued the arrest warrant.

In January 2023, the defendant was arrested and had her initial appearance before the undersigned. The defendant was released on conditions.

The Defendant was generally compliant with her conditions of supervision, although there were issues with *complete* compliance. On March 21, 2023, the Probation Office filed a petition noting that Defendant had not been truthful about her employment status. However, the Probation Office noted that she did admit her failure to be truthful and that she had since obtained gainful employment. At a subsequent status hearing, the Defendant admitted this violation and was contrite. On May 15, 2023, the Defendant was cited for driving without a valid license. The Probation Office administered specialized treatment which assists in reducing negative behavior,

1

showing consequences, and establishing an alternative positive response to situations. The Defendant felt that this intervention was very helpful.

In total, this Court held eight progress hearings between January 27 and October 23, 2023 to review the Defendant's progress and prepare the instant report and recommendation. During these hearings, the Probation Office and the Court set a series of goals for the defendant, which included:

- completing an outpatient substance abuse and mental health treatment program;

- staying sober;

- securing stable housing;

- finding and maintaining lawful employment; and

- appearing for all hearings.

The Defendant has now met every benchmark. First, the Defendant has consistently tested negative on all drug screenings and successfully completed an outpatient substance abuse and mental health treatment program. The Defendant was fully engaged with the programming and appeared to be taking full advantage of its services. Second, the Defendant has secured and remained in stable housing throughout the pendency of this matter. Third, the Defendant has found and maintained lawful employment. Not only did she initially find a job on her own, she has since found a better employment opportunity. This recent employment opportunity came from the Defendant's voluntary participation in a resource fair at the courthouse. The Defendant took the initiative to come to this fair, which was operated by the Probation Office. Fourth, the Defendant appeared for every hearing and was respectful not only to Court staff, but also to the AUSA and Probation Officer. Finally, the Defendant took affirmative steps to engage in prosocial behavior, including by communicating with a mentor who assists in Reentry Court. This mentor—a local

pastor—commented on the Defendant's good attitude and commitment to avoiding negative influences.

At the October 23rd hearing, the parties agreed that the Defendant has demonstrated a course correction. The Probation Officer and the AUSA asked that Defendant not be sentenced to any period of additional imprisonment and that her supervision—which was set to expire on August 23, 2023—be terminated.

This Court first commends Probation Officer Bates for his extraordinary work on this case. The Defendant's success is of course due to her improved decision-making. But the record should also reflect that Mr. Bates's dedication greatly facilitated the Defendant's successfully reentry. His attention to this case has been noteworthy.

Next, this Court commends the Defendant for accomplishing the goals the Court set forth for her. The Defendant has been accountable and is now on the right path. The Court's assessment is based not only on the Defendant's track record, but also on the numerous instances the Court has had to observe and assess her. The Defendant has shown a level of maturity and responsibility she will need to succeed post-supervision. As such, the Court recommends a finding that the Defendant violated her conditions of release as stated in the March 21, 2023 petition, which Defendant admitted. However, the Defendant's supervision should not be revoked and that the Defendant not be subject to further incarceration for such violation. Finally, this Court recommends that Defendant's period of supervision be terminated, as her compliance with the supervision conditions has ultimately been successful.

Date: December 1, 2023

_____
ZIA M. FARUQUI
UNITED STATES MAGISTRATE JUDGE

3